IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RONALD CLUTTER,

       Petitioner,

v.              CIVIL ACTION NO. 5:07-cv-00710

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,

       Respondent.

**MEMORANDUM OPINION**

By Standing Order entered on August 1, 2006, and filed in this case on November 7, 2007, this action was referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and a recommendation ["PF&R"]. Magistrate Judge Stanley filed her PF&R on June 17, 2008 [Docket 19]. In that filing, the magistrate judge recommended that this Court grant Respondent's Motion for Summary Judgment [Docket 15] and dismiss this action from the Court's docket.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). *See also Page v. Lee*, 337 F.3d 411 (4th Cir. 2003); *Johnson v Zema Sys. Corp.*, 170 F.3d 734 (7th Cir. 1999) (if party fails to

object to magistrate judge's report and recommendation in district court, she waives appellate review of both factual and legal questions; if party objects in district court on some issues and not others, she waives appellate review of issues to which she has not objected). Here, objections to Magistrate Judge Stanley's PF&R were due by July 7, 2008, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Petitioner timely filed objections to the PF&R on June 24, 2008.

## I. BACKGROUND

The full factual and procedural history of this action is set forth in the PF&R. Petitioner is a prisoner in confinement at the State of West Virginia's Mount Olive Correctional Complex. On November 7, 2007, Petitioner filed the instant Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254. In support of his Petition, Petitioner first claims that he was provided ineffective assistance of counsel during his sentencing hearing on November 21, 2002, when he was sentenced by the Circuit Court of Greenbrier County to: (1) two 10 to 20 year sentences for two counts of sexual abuse by a parent, guardian or custodian, (2) 5 to 15 years for incest, and (3) one year for misdemeanor intimidation of a witness, with each term to run consecutively. Second, Petitioner claims that he was refused the right to a direct appeal of his November 21, 2002 sentence to West Virginia Supreme Court of Appeals. Finally, in his Response to Respondent's Motion for Summary Judgment, Petitioner argues that his guilty plea was involuntary.

With regard to the second ground of Petitioner's Petition, the magistrate judge found in her PF&R that this issue is moot because Petitioner was re-sentenced by the Circuit Court of Greenbrier County on July 28, 2006, and Petitioner's appeal period was re-started. Petitioner does not object to this proposed finding. Accordingly, the Court **ADOPTS** the magistrate judge's finding that

Petitioner's re-sentencing **MOOTS** his claim that he was refused the right to a direct appeal to the West Virginia Supreme Court of Appeals.

With regard to Petitioner's claim that his guilty plea was involuntary, the magistrate judge recommends finding that this claim is unexhausted and may not be addressed pursuant to 28 U.S.C. § 2254(b)(1)(A). As Petitioner failed to object to this recommended finding, the Court **ADOPTS** the finding and will not consider Petitioner's claim that his guilty plea was involuntary.

With regard to the first ground of his Petition, Petitioner asserts that his trial counsel, Jeffrey Rodgers, refused to call certain witnesses to testify on Petitioner's behalf and that he did not effectively cross-examine the State's witnesses at his November 21, 2002 sentencing (hereinafter, the Sentencing). Petitioner previously petitioned the Circuit Court of Greenbrier County for a writ of habeas corpus on these same grounds, which the court denied on July 28, 2006. In her PF&R, the magistrate judge recommends that this Court find that Mr. Rodgers did not provide ineffective assistance of counsel during the Sentencing. In his objections, Petitioner appears to take exception to the magistrate judge's recommended finding that he was not provided ineffective assistance of counsel.

## II. LEGAL STANDARD

Fed. R. Civ. P. 72(b) provides, in relevant part, that:

> [A] party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

*Accord* 28 U.S.C. § 636. Given this standard, there are no burdens of proof with regard to the objections *per se* because the District Court must review the record *de novo*. Rather, the burdens in this proceeding are those applicable to § 2254 petitions.

Under 28 U.S.C. § 2254(d), a federal court should not grant habeas relief on any claim adjudicated on the merits in state court unless the adjudication resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." As the Supreme Court explained in *Williams v. Taylor*:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law . . . . Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

29 U.S. 362, 412-13 (2000). State court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To succeed on a claim that he received ineffective assistance of counsel, a petitioner must establish two elements. First, he must show that his counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Second, he must establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

When assessing counsel's performance under *Strickland*'s first prong, the Supreme Court has noted that the reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690-91; *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986). Additionally, a reviewing court generally should assess counsel's overall performance throughout the case, *Kimmelman,* 477 U.S. at 386, and avoid "Monday morning quarterbacking." *Stamper v. Muncie,* 944 F.2d 170, 178 (4th Cir. 1991); *see also Strickland,* 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

### III. DISCUSSION

Petitioner claims that Mr. Rodgers' performance fell below an objective standard of reasonableness because he failed to call as witnesses three of the victims of Petitioner's sexual abuse to testify on Petitioner's behalf at the Sentencing, and because he did not effectively cross-examine the State's witnesses at the Sentencing.

As noted in the PF&R,

> Petitioner's trial counsel, Jeffrey Rodgers, testified at Petitioner's state habeas corpus hearing. He stated that, after obtaining a favorable plea agreement, his sole focus at sentencing was to get Petitioner sentenced to probation and get him into a treatment program. (# 15, Ex. 8 at 57-58). Mr. Rodgers further testified that he and the prosecutor had agreed to a proffer to the court that the three victims of Petitioner's counts of conviction would testify that they wanted Petitioner to be able to get treatment, instead of going to prison. He further stated that, at that point, he made

5

> the strategic decision not to call the victims as witnesses, so as to avoid their cross-examination by the prosecutor. (*Id*. at 65-66).

[PF&R at 12-13.] During the hearing on Petitioner's State habeas petition, the Circuit Court of Greenbrier County, applying the *Strickland* standard,[1] held that,

> Therefore, this Court **FINDS** that Petitioner has failed to prove and establish that he received ineffective assistance of counsel as required by *Strickland/Miller* standard. More specifically, this Court finds that Petitioner has not shown that counsel's performance was deficient under an objective standard of reasonableness, nor that there was a reasonable probability that, but for counsel's unprofessional errors alleged, the result of the proceedings would have been different. The record further demonstrates that the challenged performance of counsel involved strategy, tactics or arguable courses of action, and as such, are deemed effective assistance of counsel inasmuch as it cannot be demonstrated that no reasonably-qualified defense attorney would have so acted in defense of the accused. This Court **FINDS** that the choices made by trial counsel were reasonable and were strategic considerations.

[PF&R at 14.]

Petitioner does not claim that the Circuit Court of Greenbrier County's decision was based on an unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). Rather, Petitioner appears to claim, under 28 U.S.C. § 2254(d)(1), that the Circuit Court of Greenbrier County's decision was contrary to *Strickland*. In her PF&R, the magistrate judge recommended that this Court,

> **FIND** that, under the totality of the circumstances, Mr. Rodgers' conduct was not outside the broad range of professionally competent assistance and did not fall below an objective standard of reasonableness. The undersigned further proposes that the presiding District Judge **FIND** that Petitioner has not demonstrated that Mr. Rodgers was constitutionally ineffective. Finally, the undersigned proposes that the presiding District Judge **FIND** that the state court's decision denying habeas corpus relief on this basis was neither contrary to, nor an unreasonable application of clearly established federal law, and that Respondent is entitled to judgment as a matter of law on this claim.

---

[1] The West Virginia Supreme Court of Appeals adopted the *Strickland* standard in its decision in *State v. Miller*, 459 S.E.2d 114 (W. Va. 1995).

[PF&R at 18-19 (emphasis in original).]

Petitioner argues that Mr. Rodgers' decision to not call his victims as witnesses during the Sentencing was an unreasonable strategy because they were willing to testify on Petitioner's behalf. Mr. Rodgers testimony, however, makes clear that he chose not to call the victims to avoid their cross-examination, and instead agreed with the prosecutor to proffer their testimony that Petitioner should receive treatment instead of prison time. The Court **FINDS** that Mr. Rodgers' strategic decision in this regard was not unreasonable.

Petitioner further argues that the State's witnesses at the Sentencing, his ex-wife and his counselor, wrongly portrayed him as an exclusive pedophile, and that if they had been effectively cross-examined, the sentencing court would have merely believed he was a non-exclusive pedophile and would have imposed a less severe sentence. While Mr. Rodgers' testimony is not entirely clear regarding why he failed to attempt to establish that Petitioner was a non-exclusive pedophile, the record is clear that the sentencing court based its decision to impose consecutive sentences on Petitioner on his being "far from being close to coming to grips with your history and what you yourself can only be accountable for" and on Petitioners' "obvious need of correctional treatment and to run these concurrently would unduly depreciate the seriousness of your offenses as well as unduly depreciate the significance of the harm you have inflicted upon your victims." [PF&R at 8.] Thus, Petitioner's claim that the sentencing court's decision would have been different if Mr. Rodgers had attempted to show that he was a non-exclusive pedophile is not supported by the record. Accordingly, the Court **FINDS** that Mr. Rodgers did not act unreasonably in failing to show that Petitioner was a non-exclusive pedophile.

For these reasons, the Court **FINDS** that the Circuit Court of Greenbrier County did not unreasonably apply *Strickland* in the State habeas corpus proceeding and **OVERRULES** Petitioner's objections to the PF&R.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court adopts the findings and recommendations contained in the PF&R, **GRANTS** Respondent's Motion for Summary Judgment [Docket 15], **DISMISSES** Petitioner's Applications for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254, and further **DISMISSES** this case from the Court's docket. A Judgment Order will be entered this day implementing the rulings contained herein.

ENTER: August 12, 2008

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] Because the Court has found that Petitioner has not established the first *Strickland* element (*i.e.*, that Mr. Rodgers' performance was objectively unreasonable), it need not consider the second *Strickland* element (*i.e.*, but for counsel's unprofessional errors, the result of the proceeding would have been different).